IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL RIVERA-SANABRIA <br><br> Defendant. | CIVIL NO. 19-1557 <br><br><br> CLAIMS OF FRAUD TO DEPARTMENT OF HUMAN HEALTH SERVICES, MEDICARE PROGRAM, PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §3729, ET SEQ. |

**COMPLAINT**

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully alleges and prays as follows:

### I.     INTRODUCTION

1.     The United States, files this action under the False Claims Act, 31 U.S.C. §3729, et seq. ("FCA"), and common law to recover damages and civil monetary penalties from the defendant's false claims to the United States Department of Health and Human Services, Medicare Program, made in violation of federal law.

### II.     JURISDICTION AND VENUE

2.     Jurisdiction is proper pursuant to 28 U.S.C. §1345, and its general equitable jurisdiction.

3.     Venue is proper in this District under 28 U.S.C. §1391 and 31 U.S.C. §3732(a).

4.     Pursuant to 31 U.S.C. § 3731(b)(1) and (2), a civil action under the FCA may be brought within six (6) years after the date on which the violations of §3729 were committed, or within three (3) years after the United States official charged with responsibility to act knew or should have known the relevant facts, whichever occurs last.

### III.   PARTIES

5. The Plaintiff is the United States of America, on behalf of the Department of Health and Human Services ("HHS).

6. Defendant, Miguel Rivera-Sanabria ("Rivera"), is of legal age, single and resident of 14-A1 Murano Luxury Apartments, Avenida Las Cumbres, Guaynabo PR 00969. Rivera is a Psychiatrist, licensed to practice medicine in Puerto Rico, who operated a medical office in Bayamón, Puerto Rico, where he treated patients at relevant period to this action, to wit: on or about May through July 2013.

7. X, Y and Z are natural or legal persons, acting on their own or organized as partnerships or corporate entities, be that as limited liability corporations, professional service corporations, or in any other form permitted by law, whom we designate with fictitious names, as there true names are not known at present time. X, Y and Z are jointly and severally responsible and may answer to the Plaintiff for aiding, abetting and/or causing fraudulent claims to be submitted to the United States Government for payment, or furthering the fraudulent conduct by concealing the scheme, proceeds or assets resulting of fraud.

### IV.   RELEVANT FACTS
### THE MEDICARE PROGRAM

8. Except as otherwise specifically noted, the allegations set forth below describe the the Medicare program ("Medicare"), as managed by the United States Department of Health and Human Services ("HHS") through its executive component, the Center for Medicare and Medicaid Services ("CMS"), for the relevant period to this action, to wit: on or about May and July 2013.

9. HHS administers Medicare, through CMS.  Medicare is a federal health care benefit program set forth in title XVIII of the Social Security Act, 42 U.S.C. §§1395 et seq., that provides medical insurance for covered services to qualified individuals.

10. Medicare consists of four different parts. "Part A" of Medicare covers health services provided by hospitals, skilled nursing facilities, hospices and home health agencies. "Part B" of the Medicare Program is a medical insurance program that covers, among other things, certain physician services, outpatient services, and other services, including face to face office visits. "Part C" of Medicare, commonly referred to as Medicare Advantage (MA), provides beneficiaries with all of the services provided under Parts A and B (except hospice care), in addition to mandatory supplemental benefits and optional supplemental benefits. "Part D" is an optional benefit that offers prescription drug coverage to everyone with Medicare. Parts A, B and D, are not at issue here.

## MEDICARE BILLING PROCEDURE UNDER PART C

11. Under Part C, beneficiaries enroll in a managed care plan administered by private health insurance companies or Medicare Advantage Plans, which are contracted by CMS. Medical Card System ("MCS"), Triple-S Advantage ("SSS"), Medicare y Mucho Mas ("MMM"), Preferred Medicare Choice ("PMC"), Humana and First Medical (hereinafter will be collectively referred to as the "MA Plans"), are some of the entities contracted by CMS to provide managed care to beneficiaries under Part C.

12. The above named MA Plans are risk-bearing entities, licensed or otherwise authorized by the State to assume risk for offering health insurance or health benefits coverage, such that the entity is authorized to accept prepaid capitation for providing, arranging, or paying for comprehensive health services under an Medicare Advantage contract.

13. As MA Plans, these are responsible of receiving, adjudicating and paying claims of authorized providers seeking reimbursements for the cost of health care benefits, items, or services provided to Medicare Part C beneficiaries.

14. Physicians who perform medical services in connection with the Medicare program apply for and if approved, are assigned a "number". The number allow the physicians to submit bills, commonly referred to as "claims", for payment to Medicare, through MA Plans, in order to seek reimbursement for medical services that they had provided to Medicare Part C beneficiaries.

15. In order to receive payment from Medicare through the MA Plans, a physician is required to submit a health insurance claim form electronically, wherein the physician certifies that the claims are true, correct, complete and that the form was prepared in compliance with the laws and regulations governing the Medicare program. Physicians further certify that the services billed were medically necessary and were in fact provided as billed.

16. The authorized participating physicians may submit claims for payment either electronically or in hard copy, as allowed by the MA Plans. Each claim form required certain important information, including:

   a. the supplier's Medicare identification number;
   b. the Medicare beneficiary's name, address, and date of birth;
   c. the Medicare beneficiary's identification number;
   d. the name and identification number of the physician who ordered the item or service;
   e. the health care products, items, or services supplied to the beneficiary;
   f. the applicable Medicare billing codes for these products, or services;
   g. the date of service; and
   h. the diagnosis.

17. For Medicare billing purposes and for all times relevant to this case, physician services provided to beneficiaries were identified by a Current Procedural Terminology ("CPT")

code. The following are CPT codes for Office or Other Outpatient Services for an Established Patient, which require a face to face encounter:

      a.      90832: psychotherapy, 30 minutes with the patient and/or family member.

      b.      90834: psychotherapy, 45 minutes with the patient and/or family member.

      c.      90837: psychotherapy, 60 minutes with the patient and/or family member.

      d.      90847: family psychotherapy, conjoint psychotherapy with patient present.

      e.      90862: Pharmacologic Management, including prescription, use and review of medication with no more than minimal medical psychotherapy.

      f.      99211-99215: (face to face encounter with a patient consisting of elements of both evaluation, requiring documentation of a clinically relevant and necessary exchange of information, and management, providing patient care that influences.

### V. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' (HHS) FINDINGS

18.    Plaintiff incorporates and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19.    The HHS-Office of the Inspector General (OIG) conducted a post payment medical review, data analysis and investigation of claims submitted by Rivera to MA Plans, for services and claims processed and paid for a period of several months during the year 2013.

20.    This review, analysis and subsequent investigation uncovered that Rivera, knowingly made or caused to be made false statements in support of claims for Medicare program funds, through electronic submissions to MA Plans, for services not rendered.

21.    The investigation revealed that Rivera billed and caused bills to be submitted, for false and fraudulent claims for services, including purporting to have conducted face-to-face office visits and evaluations at his Bayamón office, which were never performed. Approximately four-

hundred ninety-three (493) false and fraudulent claims were submitted for payment, for the alleged delivery of health care benefits, items or services that correspond to the CPT codes listed in paragraph 17 above.

## VII.   CLAIM FOR RELIEF
### False Claims Act 31 U.S.C. §3729(a)(1)

22. This is a claim for civil monetary penalties under the False Claims Act (FCA), 31 U.S.C. §3729(a)(1).

23. Paragraphs 1 through 21 of this Complaint are hereby re-alleged and incorporated as though fully set forth herein.

24. By virtue of the acts described above, defendant knowingly presented and caused to be presented to the United States, false and fraudulent claims for payment and approval to the Medicare Trust Fund, by way of the MA Plans.

25. As part of his scheme to defraud, Rivera submitted and caused to be submitted approximately four-hundred ninety-three (493) claims for payment to the MA Plans, for the alleged delivery of health care benefits, items or services that correspond to the CPT codes listed in paragraph 17 above, when such services were never rendered.

26. Under the FCA, a "claim" includes requests for money presented to agents of the United States or to a contractor, grantee or other recipient, if the money is to be used on the government's behalf or to advance a government interest, as long as the United States provided any portion of the money requested.

27. Each of these false statements constitute a unique claim of provider fraud on a managed care organization, for which a civil monetary penalty must be assigned, as allowed by law in an amount ranging from $5,500.00 to $11,000.00 each.

## XII. PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that judgment be entered in its favor and against the defendant as follows:

Judgment against the Defendants for civil monetary penalties, as allowed by law, ranging from $5,500.00 to $11,000.00, for each of the four-hundred ninety-three (493) unique claims to the Medicare program, which amounts to TWO MILLIONS, SEVEN-HUNDRED ELEVEN THOUSANDS, FIVE-HUNDRED DOLLARS ($2,711,500.00) up to FIVE MILLIONS, FOUR HUNDRED TWENTY THREE THOUSANDS DOLLARS ($5,423,000.00), to be fixed at the discretion of the Court; and such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 7th day of June of 2019.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

***s/Rafael J. López-Rivera***
Rafael J. López-Rivera
Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219
rafael.j.lopez@usdoj.gov